



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 1, 1939

Honorable S. P. Sexton
County Attorney,
Orange County
Orange, Texas

Dear Sir:

Opinion No. O-695
Re: Traveling expenses allow-
able to a County Attorney

This is in reply to your letter of April 26, in which you ask the following question:

"Please give me your opinion as to rate per mile I am entitled to and if I can show depreciation of my automobile."

In answer to this question we are assuming, and this opinion is based on the assumption, that you are compensated on a fee basis.

Your attention is directed to Article 3883 Revised Civil Statutes, which provides the maximum fees that may be retained by the various officers including the County Attorney:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty-five (25,000) thousand or less inhabitants; County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justices of the Peace and Constable Twelve Hundred ($1200.00) Dollars each."

Article 3891 Revised Civil Statutes provides the amount fees that may be retained by the County Attorney and sition of same:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). * * *"

Article 3899 R. C. S. provides that the amount of such expenses shall be paid from the fees earned by such officer by deducting same from the excess fees of the office of County Attorney.

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. * * *" The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer."

The Statutes are silent as to the rate per mile to be allowed the County Attorney to be deducted from the excess fees of office, en route to and from the Justice Precincts within the county in the conduct of his office; though the statute does stipulate that he is entitled to all actual and necessary

expenses in the conduct of his office.   Therefore, it is
our opinion that he is entitled to actual expenses in-
curred by him in the necessary conduct of his office, and
should be reimbursed for traveling expenses, if such
fund is available from his excess fees of office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

W. Pirtle Watts
Assistant

WPW-MR

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN